UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MICHEL WYNN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. ESCARCEGA, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00202-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>14-DAY DEADLINE |

　　　　Jesse Michel Wynn alleges the defendant-correctional officers subjected him to excessive force. (Doc. 1.) In his complaint, Plaintiff indicates that he has not yet completed the administrative grievance process and that his grievance concerning the subject incident "is being reviewed." (*Id.* at 2.) Therefore, on June 9, 2021, the Court issued an order to show cause, within 21 days, why this action should not be dismissed for failure to exhaust administrative remedies prior to filing suit. (Doc. 16.) Although more than 21 days have passed, Plaintiff has failed to respond to the order to show cause.

　　　　The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The

exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust prior to filing suit. Accordingly, the Court RECOMMENDS that this action be DISMISSED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __July 19, 2021__          _____ /s/ Jennifer L. Thurston
                                   CHIEF UNITED STATES MAGISTRATE JUDGE

2