UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MICHEL WYNN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>R. ESCARCEGA, et al.,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-00202-AWI-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST**<br><br>(Doc. No. 17) |

　　　　Plaintiff Jesse Michel Wynn is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 19, 2021, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed for failure to exhaust administrative remedies. Doc. No. 17. The magistrate judge found that it is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to initiating this action, as required by the Prison Litigation Reform Act. Id. at 2. The magistrate judge provided plaintiff 14 days to file objections to the findings and recommendations. Id. Plaintiff filed objections on August 10, 2021. Doc. Nos. 18-20.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the file, including Plaintiff's objections,

the Court finds the findings and recommendations to be supported by the record and proper analysis.

Plaintiff does not dispute that he failed to exhaust administrative remedies prior to filing suit. See generally Doc. Nos. 18-20. He states that he filed his complaint prior to exhausting in order to avoid being time-barred by the statute of limitations. Doc. No. 19. As an initial matter, the statute of limitations is "tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (citations omitted). More to the point, as explained by the magistrate judge, "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted).

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued on July 19, 2021 (Doc. No. 17) are ADOPTED in full;
2. This action is DISMISSED without prejudice for failure to exhaust administrative remedies prior to filings suit; and,
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  August 11, 2021              _____
                                          SENIOR DISTRICT JUDGE

2